IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DEREK COLLINS and
TONY SHEPPARD

    Plaintiffs,

v.        CV 213-052

OKEFENOKE RURAL ELECTRIC
MEMBERSHIP CORPORATION,

    Defendant.

**O R D E R**

This matter is before the Court on Defendant Okefenoke Rural Electric Membership Corporation's ("OREMC") Bill of Costs (Doc. 58) and Plaintiffs Derek Collins and Tony Sheppard's objections to the costs stated therein (Doc. 59). On December 29, 2014, the Court granted OREMC's Motion for Summary Judgment (Doc. 25), finding Plaintiffs failed to prove that the asserted reasons for their respective terminations were merely pretext for age discrimination (see Doc. 56). Defendants submitted a bill of costs pursuant to Federal Rule of Civil Procedure 54(d)(1) in which it seeks $2,749.86 for ten deposition transcripts obtained for use in the case. Beyond rehashing the facts and merits of their case (see Doc. 59, ¶¶ 1, 2, 4, 5), Plaintiffs urge the Court to exercise its discretion to deny the award of costs because to do so "would have a chilling effect on future claimants pursuing

age discrimination claims," especially as they brought their claims in good faith (id. ¶¶ 3, 6).

Defendant, as the prevailing party in this litigation, is entitled to recover certain costs as a matter of course pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. See FED. R. CIV. P. 54(d)(1); Delta Air Lines, Inc. v. August, 450 U.S. 346, 351 (1981); Chapman v. AI Transp., 229 F.3d 1012, 1038-39 (11th Cir. 2000). Although the district court has discretion to not award the full amount of costs, such discretion is not unfettered "since denial of costs is in the nature of a penalty for some defection on [the prevailing party's] part in the course of the litigation." Chapman, 229 F.3d at 1038-39 (citing Head v. Medford, 62 F.3d 351, 354-55 (11th Cir. 1995) and Walters v. Roadway Express, Inc., 557 F.2d 521, 526 (5th Cir. 1977)). To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so. Id. (citing Medford, 62 F.3d at 354) and Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999)). As the non-prevailing parties in this case, it is Plaintiffs' burden to demonstrate that challenged costs are not taxable. Sensormatic Elecs. Corp. v. Tag Co., No. 06-81105, 2009 WL 3208649, at *2, (S.D. Fla. Oct. 2, 2009) (citing EEOC v. W & O, Inc., 213 F.3d 600, 621 (11th Cir. 2000)).

2

Plaintiffs have failed to meet their burden. In the case at hand, Defendant deposed eight witnesses in addition to Plaintiffs: three individuals identified as comparators (Martin "Andy" Thomas, Jeffrey Whitley, Steve Wynn), four individuals in Plaintiffs' chain of command (John Middleton, Travis Page, Royce Proctor, Gary Strickland), and OREMC's human resources director (Ronnie Crews). (See Doc. 58 at 3-6; Doc. 56 at 4-5, 12-13.) Under 28 U.S.C. § 1920(2), costs are recoverable for the "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." A court may tax costs "associated with the depositions submitted by the parties in support of their summary judgment motions." W & O, Inc., 213 F.3d at 621 (quoting Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1474 (10th Cir. 1997)). Further, "obtaining deposition transcripts for use during discovery may be taxable as long as it is necessary to the issues in the case when the deposition was taken." Lovett v. KLLM, Inc., No. 4:05-CV-026-RLV, 2007 WL 983192, *6 (N.D. Ga. March 26, 2007) (citing W & O, 213 F.3d at 620-22).

Plaintiffs have not shown that any portion of any deposition was not related to an issue which was present in the case at the time the deposition was taken. Plaintiffs and Defendants alike cited each of the ten depositions in propounding their arguments at the summary judgment stage. (See

3

*generally* Docs. 26, 27, 48.) Plaintiffs merely argue that their claims were "meritorious" and filed in good faith. (Doc. 59, ¶¶ 3, 5.) They warn that the imposition of costs in circumstances such as these will chill future litigants from seeking to vindicate their employment rights in court. (Id. ¶ 6.)

"[T]he Court acknowledges that the good faith of unsuccessful litigants is a relevant consideration in Rule 54(d) deliberations. Good faith, without more, however, is an insufficient basis for denying costs to a prevailing party." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 865 F. Supp. 2d 1159, 1168 (S.D. Fla. 2011) (quoting White & White Inc. v. Am. Hosp. Supply Corp., 786 F.2d 728, 731 (6th Cir. 1986) (internal quotation marks omitted)); see also Pickett v. Iowa Beef Processors, 149 F. App'x 831, 832 (11th Cir. 2005). Plaintiffs also have failed to show why the potential danger of chilling future age discrimination claims — standing alone as a mere assertion — should overcome the traditional presumption that a district court will award costs to a prevailing party. See Chapman, 229 F.3d at 1038 (citing Durrett v. Jenkins Brickyard, Inc., 678 F.2d 911, 917 (11th Cir. 1982) (finding, in a Title VII Case, "[a] fee must be assessed [against non-prevailing plaintiffs] which will serve the deterrent purpose of the statute, and no fee will provide no deterrence")); United

4

States v. Degayner, No. 6:06-CV-1462-ORL-19K, 2009 WL 111673, at *3 n.2 (M.D. Fla. Jan. 15, 2009).

Consequently, Defendant should recover all necessary costs incurred with respect to the aforementioned depositions. The Court thus **OVERRULES** Plaintiffs objections (Doc. 59) and **AWARDS** Defendant Okefenoke Rural Electric Membership Corporation $2,749.86, as set forth in the Bill of Costs (Doc. 58).

**ORDER ENTERED** at Augusta, Georgia, this ___ day of March 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA